## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE PARISH OF PLAQUEMINES | * | CIVIL ACTION NO. 2:18-cv-05256 |
| | * | |
| VERSUS | * | JUDGE JAY C. ZAINEY |
| | * | |
| TOTAL PETROCHEMICLAS & | * | MAGISTRATE JUDGE |
| USA, INC., ET AL. | * | DONNA PHILLIPS CURRAULT |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF MOTION FOR BRIEFING SCHEDULE

Beginning in 2013, forty-two lawsuits were filed by six Louisiana parishes under Louisiana's State and Local Coastal Resources Management Act of 1978, La. R.S. 49:214.21 *et seq*. The conduct challenged in each of the forty-two cases is limited to the crude production activities of the defendants conducted within the geographically defined "Operational Area" (OA) of each case. Following a failed initial attempt at removal on another theory, in 2018 this case, along with forty-one other coastal cases filed in the Louisiana Eastern and Western Districts, was removed on the ground that World War II era E&P operations were so pervasively regulated by the Government as to justify federal officer removal. This removal was incited by an expert report filed in a Plaquemines Parish case (the "*Rozel* Report") addressing operations during World War II.[1]

After the United States Judicial Panel on Multidistrict Litigation denied a motion to have all of these cases transferred and centralized in the Eastern District of Louisiana, this case was designated as the lead case in Eastern District, and *Parish of Cameron v. Auster Oil & Gas Inc.* was designated as the lead case in the Western District.[2] Judge Feldman found that the removal was untimely,[3] and that the defendants failed to satisfy the "acting under" and "causal nexus"

---

[1] *Id*. This is the same expert report addressed in the *Chevron* decision. *Chevron*, 608 U.S. ----, 146 S.Ct. at 1059.

[2] Case 2:18-cv-00677, Western District of Louisiana.

[3] See Case 2:18-cv-0517, Doc. 79, p. 24.

1

requirements of federal officer jurisdiction.[4] The Fifth Circuit reversed, found the removal to be timely, and remanded the case back to Judge Feldman to determine the merits of defendants' jurisdictional arguments in light of its recent *en banc* decision in *Latiolais*.[5] Judge Feldman again held that federal officer jurisdiction was lacking, finding that the "acting under" element was not satisfied because there was no contractual federal direction, no sub-contractual federal direction, and no non-contractual contractual direction, but finding that the "for or relating to" element would be satisfied *assuming* defendants were subject to non-contractual direction.[6] The Fifth Circuit affirmed, finding that defendants were not acting under federal officers in producing crude because crude production was merely regulated, and rejecting defendants' argument that they were subcontracted suppliers of crude to refiners with government contracts. *Plaquemines Parish v. Chevron USA, Inc.*, 2022 WL 9914869, at *3 (5th Cir. Oct. 17, 2022), *cert. denied*, 143 S.Ct. 991(2023) (*Plaquemines II*).

After *Plaquemines II* was published, Judge Summerhays in the Western District rejected defendants' federal officer arguments in *Auster,*[7] finding that defendants' failed to prove the existence of any "person" "acting under" a federal officer in the lawsuit.[8] Specifically, the Court found that the cases before it involved only "upstream" activity (E&P operations), with no defendant being involved in any "downstream" activity (refining under a Government contract) that might

---

[4] See Case 2:18-cv-0517, Doc. 79, p. 48.

[5] *Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362 (5th Cir. 2021).

[6] See Case 2:18-cv-0517, Doc. 116; *Par. of Plaquemines v. Riverwood Prod. Co.*, No. CV 18-5217, 2022 WL 101401 (E.D. La. Jan. 11, 2022).
*Par. of Plaquemines v. Riverwood Prod. Co.*, No. CV 18-5217, 2022 WL 101401 (E.D. La. Jan. 11, 2022), *aff'd sub nom. Plaquemines Par. v. Chevron USA, Inc.*, No. 22-30055, 2022 WL 9914869 (5th Cir. Oct. 17, 2022).

[7] *Parish of Cameron v. Auster Oil & Gas Inc.*, 2022 WL 17852581 (W.D. La. Dec. 22, 2022), *appeal dismissed*, 2023 WL 9380825 (5th Cir. March 17, 2023); Doc. Nos. 217, 218 in Case 2:18-cv-00677-RRS-JPM.

[8] *Auster*, 2022 WL 17852581, * 6-7.

provoke federal officer jurisdiction.[9] In reaching this conclusion, Judge Summerhays relied on the Fifth Circuit's ruling in this case, *Plaquemines II.*[10]

Forty of the forty-two coastal lawsuits were stayed pending the outcome of *Plaquemines II* and *Auster*.  In fact, defendants represented to the courts of both districts that *Plaquemines II* and *Auster* would resolve the federal officer jurisdictional question purportedly raised by statements in the *Rozel* report. However, after *Plaquemines II* was rendered by the Fifth Circuit, the defendants in eleven of the forty-two cases developed a new removal theory based on the argument that they were acting under federal directives in their WWII refinery contracts. This removal ground is nowhere to be found in the removal notices in any of the forty-two coastal cases. The complaints in the forty-two coastal cases do not mention refineries or refinery contracts. In lifting a stay pending appeal in a related Louisiana coastal suit, the Fifth Circuit observed that "[o]nly when defendants were unsuccessful in *Plaquemines II* did they construct the refinery argument, leading to additional jurisdictional litigation."[11]

After *Plaquemines II* was decided, there was no designated lead case in this district. Following the prior practice of designating a lead case, the parties agreed that this case would be

---

[9] *Auster*, 2022 WL 17852581, * 8.

[10] *Par. of Cameron v. Auster Oil & Gas Inc.*, No. 2:18-CV-00677, 2022 WL 17852581, at *7 (W.D. La. Dec. 22, 2022) ("The Fifth Circuit's analysis in *Plaquemines Parish* did not alter the analysis that this Court must apply in determining the "acting under" prong of section 1442(a)(1). Applying the reasoning of *Watson, MTBE Prod. Liab. Litig.*, and *Plaquemines Parish* to the facts of this case, Defendants have not demonstrated the "subjection, guidance, or control" required to show that they were acting under a federal office or officer.").

[11] *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 378 (5th Cir. 2023). The Fifth Circuit quoted the following from this Court's decision in *Plaquemines v. Northcoast*: "[Defendants] had been arguing in this district for years (when opposing the plaintiffs' periodic attempts to adjudicate motions to remand in certain of the SLCRMA cases) that *Riverwood* would resolve jurisdictional issues that cut across all of the removed SLCRMA cases. While *Riverwood* was a lost cause, the defendants in the other SLCRMA cases like this one rallied to find a way to distinguish their cases from *Riverwood*, and hence a new refinery-based argument for federal officer removal was born."). *Id.* at 378., quoting *Par. of Plaquemines v. Northcoast Oil Co.*, 669 F. Supp. 3d 584, 589-590 (E.D. La. 2023).

designated the lead case with regard to the defendants' newfound refinery-based argument. After extensive briefing, this Court ordered remand.

On May 29, 2024, the Fifth Circuit affirmed this Court's order remanding this case to state court. On June 16, 2025, the Supreme Court of the United States granted certiorari, and on April 17, 2026, the Supreme Court issued a decision vacating the judgment of the Fifth Circuit and remanding this case for further proceedings consistent with its opinion. On May 22, 2026, the Fifth Circuit remanded this case to this Court for further proceedings consistent with the Supreme Court's opinion. Doc. 124.

In light of the Supreme Court's recent decision remanding this case to the United States Fifth Circuit [Case No. 24-813, *Chevron U.S.A. Inc. v. Plaquemines Parish, Louisiana,* 608 U.S. ___, 2026 WL 1040461], and the Fifth Circuit's subsequent order remanding this case to this Court for "proceedings consistent with the Supreme Court's opinion" [Doc. 124], plaintiff, the Parish of Plaquemines, and intervenors, the State of Louisiana Department of Conservation and Energy (formerly the Louisiana Department of Natural Resources) and the State of Louisiana *ex rel.*, Liz Murrill, Attorney General (collectively "Plaintiffs"), move this Court for an order adopting a briefing schedule.

The Fifth Circuit's remand order requires this Court to determine whether Defendants properly removed this case to federal court under the federal officer removal statute, 28 U.S.C. §1442(a)(1). The Supreme Court in its narrowly crafted opinion decided "only whether *this suit* [*i.e., Chevron*], which implicates Chevron's wartime production of crude oil, 'relat[es] to' Chevron's wartime aviation-gasoline refining for the military."[12] The Court expressly did not

---

[12] *Chevron USA Inc. v. Plaquemines Par., Louisiana*, 146 S. Ct. 1052, 1057 (2026) (emphasis added).

4

"resolve whether the defendants in the related cases [*e.g.*, the Louisiana parish cases] can satisfy the 'for or relating to' requirement," nor did it "address the other requirements of federal officer removal."[13] The Court did not reverse the Fifth Circuit judgment affirming the order of remand. Rather, it vacated the Fifth Circuit's judgment and remanded "for further proceedings consistent with this opinion."[14]

The federal officer removals of the coastal cases to this Court have now been pending over eight years. When Judge Feldman conducted oral argument in *Plaquemines II* for a second time on January 11, 2022 (more than four years ago), he characterized the delay in determining federal officer jurisdiction in the coastal litigation as "shameful." Plaintiffs respectfully request that their briefing schedule be adopted without further delay.

Respectfully submitted:

/s/Victor L. Marcello
Donald T. Carmouche (2226)
dcarmouche@tcmlawoffice.com
Victor L. Marcello (9252)
vmarcello@tcmlawoffice.com
John H. Carmouche (22294)
jcarmouche@tcmlawoffice.com
Brian T. Carmouche (30430)
bcarmouche@tcmlawoffice.com
Todd J. Wimberley (34862)
twimberley@tcmlawoffice.com
D. Adele Owen (21001)
aowen@tcmlawoffice.com
Leah C. Poole (35092)
lpoole@tcmlawoffice.com
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

---

[13] *Id.* at fn. 5.

[14] *Id.* at 1063.

Philip F. Cossich, Jr. (1788)
pcossich@cossichlaw.com
Darren Sumich (23321)
dsumich@cossichlaw.com
David A. Parsiola (21005)
dparsiola@cossichlaw.com
Brandon J. Taylor (27662)
btaylor@cossichlaw.com
COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, LA 70037-2648
Telephone: (504) 394-9000
Fax: (504) 394-9110

W. Peter Connick (14158)
pconnick@connicklaw.com
CONNICK AND CONNICK
3421 N. Causeway Blvd., Ste. 408
Metairie, LA 70002
Telephone: (504) 838-8777
Fax: (504) 838-9903

Bruce D. Burglass, Jr. (1411)
bburglass@burglass.com
Andre' C. Gaudin (20191)
agaudin@burglass.com
Scott O. Gaspard (23747)
sgaspard@burglass.com
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001-5602
Telephone: (504) 836-0407
Fax: (504) 287-0447

**Counsel for the Parish of Plaquemines**

**LIZ MURRILL**
**ATTORNEY GENERAL**

*/s/ Jimmy R. Faircloth, Jr.*
Jimmy R. Faircloth, Jr. (20645)
jfaircloth@fairclothlaw.com
Barbara Bell Melton (27956)
bmelton@fairclothlaw.com
Richard F. Norem (38849)
enorem@fairclothlaw.com
FAIRCLOTH MELTON BASH & GREEN, LLC
105 Yorktown Drive
Alexandria, LA  71303
Telephone: (318) 619-7755
Fax: (318) 619-7744

***Special Assistant Attorneys General***
***Counsel for the State of Louisiana, ex rel.***

*/s/ J. Blake Canfield*
J. Blake Canfield (30426)
blake.canfield@la.gov
Morgan D. Rogers (38883)
morgan.rogers2@la.gov
LOUISIANA DEPARTMENT OF
CONSERVATION AND ENERGY
Post Office Box 94396
Baton Rouge, LA 70804
Telephone: (225) 342-2710

***Counsel for the State of Louisiana Department of***
***Conservation and Energy***